UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION, a Delaware
Corporation,**

    Plaintiff,

v.                                              Case No. 8:12-cv-1954-T-30MAP

**ELLEN GROSS GERTH; THOMAS J.
GROSS; ABBY BAUMGARTNER,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Interpleader and Award of Attorney's Fees (Dkt. 21) and Defendant Thomas J. Gross' Response (Dkt. 25). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

This is an action for statutory interpleader pursuant to 28 U.S.C. § 1335. Ina Gross applied for, and was issued, two annuities from Plaintiff New York Life Assurance and Annuity Corporation ("NYL"). Annuity Policy Number xxx566 had a value at death of $83,896.86. Annuity Policy Number xxx731 has a death benefit of $87,653.93. Ina Gross passed away on or about January 9, 2012; her death is under criminal investigation as a potential homicide.

Defendants Ellen Gross Gerth, Thomas J. Gross, and Abby Baumgartner are the designated primary beneficiaries under the annuities; each have made a claim for benefits under the annuities. Ellen Gross Gerth and Abby Baumgartner were cleared by local law enforcement as persons of interest in the death of Ina Gross. NYL resumed making payments to Ellen Gross Gerth and Abby Baumgartner in accordance with their share of the benefits designated for each of them under the annuities.

According to the latest information provided to NYL, Thomas J. Gross has not been cleared by law enforcement authorities as a person of interest in the criminal investigation of Ina Gross' death. Accordingly, NYL is unsure about Thomas J. Gross' entitlement to benefits under the annuities. Under Florida's Slayer Statute, a person is not entitled to any benefits under a life insurance policy if that person unlawfully and intentionally kills the insured, or participates in procuring the death of the insured. *See* Fla. Stat. § 732.802. Thus, NYL is in doubt as to the ultimate resolution of this matter.

NYL served a copy of its complaint for interpleader on each Defendant. NYL subsequently amended its complaint and served its amended complaint for interpleader on each Defendant. Defendants Ellen Gross Gerth and Abby Baumgartner failed to file an answer or response to the amended complaint. This case is at issue upon NYL's motion for interpleader and award of attorney's fees.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1335, a disinterested stakeholder may obtain an order of interpleader when two or more adverse claimants "are claiming or may claim" entitlement

to benefits in the possession of the stakeholder. The purpose of interpleader is to "permit a disinterested stakeholder to avoid a multiplicity of suits with consequent vexation, to eliminate the danger of being required to pay the same claim to two or more individuals as a result of different findings by separate courts, and to prevent a race to secure judgments by different plaintiffs." *Espat v. Espat*, 56 F. Supp. 2d 1377, 1383 (M.D. Fla. 1999) (citation omitted).

NYL's motion for interpleader satisfies the standard set forth in the statute and case law. The amended complaint makes it clear that NYL is a disinterested stakeholder that claims no beneficial interest in the annuities. Accordingly, the Court grants NYL's motion to transfer the funds, together with applicable interest, if any, into the Registry of the Court.

NYL's motion also seeks an award of its attorney's fees; the Court agrees that NYL is entitled to a reasonable award of fees and costs. *See Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) ("In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder.").

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Interpleader and Award of Attorney's Fees (Dkt. 21) is granted.

2. Plaintiff shall deposit the disputed proceeds that are the subject of the amended complaint, and any applicable interest, into the Registry of the Court within fourteen (14) days.

3. The Clerk is directed to deposit the funds into a special interest bearing account as provided by Local Rule 4.16(a), M.D. Fla.

4. Plaintiff is discharged from any and all liability to Defendants in connection with the amounts paid into the Court's registry.

5. Defendants are enjoined and restrained from initiating any proceeding against Plaintiff regarding the amounts paid into the Court's registry.

6. Plaintiff is dismissed from this action with prejudice, with the Court reserving jurisdiction to determine the amount of recoverable attorney's fees and costs. Plaintiff shall file an affidavit, setting forth its fees and costs and attaching any related time sheets or invoices within fourteen (14) days of this Order.

7. Defendants Ellen Gross Gerth and Abby Baumgartner shall file an answer to the amended complaint within fourteen (14) days of this Order. Failure to file an answer by that time may result in the Court awarding the benefits of the annuities to Defendant Thomas J. Gross without further notice.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1954.mtinterpleader.frm