**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NEW YORK LIFE INSURANCE AND**
**ANNUITY CORPORATION, a Delaware**
**Corporation,**

     **Plaintiff,**

v.                                                                                    **Case No.  8:12-cv-1954-T-30MAP**

**ELLEN GROSS GERTH; THOMAS J.**
**GROSS; ABBY BAUMGARTNER,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Motion to Stay (Dkt. 36) and Motion

for Enlargement of Time to Respond to Discovery (Dkt. 37) filed by Crossclaimant Ellen

Gross Gerth and Defendant Thomas J. Gross' Response in opposition (Dkt. 39).  The Court,

having reviewed the motions, response, and being otherwise advised in the premises,

concludes that the motion to stay should be denied and the motion for enlargement should

be granted only to the extent that the Court will provide Gerth sixty (60) additional days from

the date of this Order to respond to the outstanding discovery.

## BACKGROUND

This action was initially filed for statutory interpleader pursuant to 28 U.S.C. § 1335.

Ina Gross applied for, and was issued, two annuities from Plaintiff New York Life Assurance

and Annuity Corporation ("NYL").  Annuity Policy Number xxx566 had a value at death of

$83,896.86.   Annuity Policy Number xxx731 has a death benefit of $87,653.93.   Ina Gross

passed away on or about January 9, 2012.   Her death is under criminal investigation as a

potential homicide.

Defendants Ellen Gross Gerth ("Gerth"), Thomas J. Gross ("Gross"), and Abby

Baumgartner ("Baumgartner") are the designated primary beneficiaries under the annuities.

Gerth and Baumgartner were cleared by local law enforcement as persons of interest in the

death of Ina Gross.   NYL resumed making payments to Gerth and Baumgartner in

accordance with their share of the benefits designated for each of them under the annuities.

Gross has not been cleared by law enforcement authorities as a person of interest in

the criminal investigation of Ina Gross' death.   Under Florida's Slayer Statute, a person is

not entitled to any benefits under a life insurance policy if that person unlawfully and

intentionally kills the insured, or participates in procuring the death of the insured.   *See* Fla.

Stat. § 732.802.   Under section 732.802(5), "[a] final judgment of conviction of murder in

any degree is conclusive" proof of an unlawful and intentional killing, but "[i]n the absence

of a conviction ... the court may determine by the greater weight of the evidence whether the

killing was unlawful and intentional...."

On June 3, 2013, the Court granted NYL's motion for interpleader and directed NYL

to deposit the disputed proceeds into the Registry of the Court (Dkt. 27).[1]

---

[1] The registry monies were deposited on June 13, 2013 (Dkts. 28 & 29) and the Court awarded NYL $5,403.70 in attorneys' fees and costs (Dkt. 32).   NYL was also dismissed from this action with prejudice.

On June 3, 2013, the Court also directed Gerth and Baumgartner to file an answer to NYL's amended complaint within fourteen (14) days (Dkt. 27).  On June 14, 2013, Gerth filed an answer and cross claim against Gross.  In her cross claim, Gerth alleges that Gross "did unlawfully and intentionally kill Ina Gross and is therefore not entitled to any interest in the Annuities" (Dkt. 31).

Subsequently, Gross propounded discovery on Gerth related to the allegations of her cross claim.

Gerth now moves to stay or abate this action pending the outcome of the criminal investigation of Gross' involvement in Ina Gross' death (and pending the outcome of any criminal trial against Gross).  Gross opposes Gerth's motion.  Gross argues that it would be inappropriate to stay or abate this action because Gross "has neither been arrested, indicted or named as a suspect in the death of his mother." (Dkt. 39).  Gross contends that a stay of this action could be "indefinite" because the conclusion of any criminal investigation into Ina Gross' death is unclear.  Notably, it has been more than a year and a half since Ina Gross' death and, as of the date of this Order, Gross has not been arrested or charged with any crime related to Ina Gross' death.

The Court agrees with Gross that a stay of this action is inappropriate because Gross has not been charged or indicted with respect to his mother's murder.  *See West Coast Life Ins. Co. v. Longboat*, No. 8:09-cv-2159-T-23TBM, 2010 WL 4942146, at *1 (M.D. Fla. Nov. 29, 2010) (denying motion to stay pending the resolution of the criminal prosecution of the primary beneficiary of a life insurance policy).  Notably,  although a conviction against Gross

for his mother's death would satisfy Gerth's burden of proof under Section 732.802, Gerth

can still prove the application of Section 732.802 in the absence of such a conviction.  *Id.*

(noting same).

It is therefore **ORDERED AND ADJUDGED** that:

1.      Crossclaimant Ellen Gross Gerth's Motion to Stay (Dkt. 36) is denied.

2.      Crossclaimant Ellen Gross Gerth's Motion for Enlargement of Time to

Respond to Discovery (Dkt. 37) is granted only to the extent that Gerth's

deadline to respond to any outstanding discovery is extended to sixty (60)

days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1954.mtstay.wpd