UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION, a Delaware
Corporation,

    Plaintiff,

v.                              Case No. 8:12-cv-1954-T-30MAP

ELLEN GROSS GERTH; THOMAS J.
GROSS; ABBY BAUMGARTNER,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Abby Baumgartner and Ellen Gross Gerth's Responses to the Court regarding the disbursement of the interpled funds (Dkts. 98, 99). Upon consideration of the responses, and being otherwise advised in the premises, the Court concludes that Ellen Gross Gerth is entitled to 100 percent of the interpled funds.

## DISCUSSION

This action was initially filed for statutory interpleader pursuant to 28 U.S.C. § 1335. Ina Gross applied for, and was issued, two annuities from Plaintiff New York Life Assurance and Annuity Corporation ("NYL"). On October 9, 2012, Abby Baumgartner filed an answer to NYL's complaint for interpleader and stated that she did not agree that court intervention

or interpleader was required and that NYL "should have no doubt as to the payment of the subject policies" (Dkt. 9).

On June 3, 2013, the Court granted interpleader and the NYL funds were deposited into the registry of the Court (Dkts. 27, 28). Ellen Gross Gerth and Thomas Gross filed claims with respect to the NYL funds. Baumgartner did not file a claim.

On August 16, 2013, TIAA-CREF moved to intervene and filed a complaint to interplead the TIAA-CREF funds, which related to an individual retirement account ("IRA") in the name of Ina Gross (Dkt. 43). Baumgartner did not file an answer, claim, or any other paper in response to TIAA-CREF's complaint. On October 3, 2013, the Court granted interpleader and the TIAA-CREF funds were deposited into the registry of the Court (Dkt. 54). Gerth and Gross filed claims with respect to the TIAA-CREF funds.

In addition to not filing any claim to the NYL funds or the TIAA-CREF funds, Baumgartner did not participate in this litigation. On March 12, 2014, Baumgartner filed a "Consent to Distribution," signed by Baumgartner and dated February 23, 2014 (Dkt. 75). The Consent to Distribution, in relevant part, noted that Baumgartner had already received her one-third portion of the NYL annuities and the TIAA-CREF IRA, that she was included in this action because she may have a 50 percent interest in the interpled funds, and that she does "not claim any of the disputed proceeds . . ." *Id.* Baumgartner requested to be "excused from mediation and dismissed from this case." *Id.*

Also on March 12, 2014, Baumgartner filed a Joint Motion (with Thomas Gross) wherein she emphatically stated that she never asserted a claim for any of the NYL funds or the TIAA-CREF funds and disavowed and renounced any claim to the funds (Dkt. 76).

The case proceeded with respect to Gerth and Gross' claims to the funds. The Court and the Magistrate Judge resolved several discovery disputes between Gerth and Gross. For example, the Magistrate Judge entered an Order compelling Gross to produce certain records to Gerth on or before May 2, 2014 (Dkt. 92) and the two parties were referred to mediation, which was scheduled for May 9, 2014 (Dkt. 74).

On May 2, 2014, Brian Harrington, Esq. filed a notice of appearance on Baumgartner's behalf (Dkt. 95). That same day, Gross filed a "Withdrawal of Claim to Interpled Funds" whereby he withdrew his claims (Dkt. 96). The Court granted Gross' request to the extent that his claims to the interpled funds were withdrawn.

Baumgartner now claims that she is entitled to 50 percent of the interpled funds. Gerth argues that she is entitled to 100 percent of the interpled funds.

The Court concludes that Baumgartner waived, renounced, and disavowed any claim to the interpled funds. As described above, Baumgartner never filed a claim for any portion of the interpled funds. In fact, she emphatically disavowed any interest in the funds. Baumgartner also requested to be excused from mediation and asked the Court to <u>dismiss her from this case</u>. Under these circumstances, Baumgartner waived any claim to the funds.

Accordingly, Gerth is entitled to 100 percent of the funds because it is undisputed that neither Gross nor Baumgartner have any claim to the funds.

It is therefore **ORDERED AND ADJUDGED** that:

1. Judgment is entered in Ellen Gross Gerth's favor. Gerth is entitled to a 100 percent distribution of all interpled funds held in the Court's registry in this matter.

2. The Court will not permit the distribution of any funds until after the expiration of Abby Baumgartner's right to appeal. If Baumgartner does not file a notice of appeal during the relevant time, Gerth shall file a notice with the Court indicating same and include directions related to the distribution of the funds. If Baumgartner elects to appeal the Court's ruling, the funds will be held in the Court's registry until the conclusion of the appeal.

3. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1954.disbursement-funds.wpd