**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION,

      Plaintiff,

v.                                                    Case No: 8:12-cv-1954-T-30MAP

ELLEN GROSS GERTH, THOMAS J.
GROSS and ABBY BAUMGARTNER,

      Defendants.

_____

### ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion to Distribute
Funds in Court's Registry (Dkt. 106).   The Court, having reviewed the motion, and being
otherwise advised in the premises, concludes that the motion should be granted.

New York Life Insurance and Annuity Corporation ("NYL") filed this action on
August 28, 2012, for statutory interpleader pursuant to 28 U.S.C. § 1335.   Ina Gross
applied for, and was issued, two annuities from NYL.   On June 3, 2013, the Court granted
interpleader and the NYL funds were deposited into the registry of the Court (Dkts. 27,
28).   On August 16, 2013, TIAA-CREF moved to intervene and filed a complaint to
interplead the TIAA-CREF funds, which related to an individual retirement account
("IRA") in the name of Ina Gross (Dkt. 43).   Gerth filed a claim with respect to the TIAA-
CREF funds.

On May 23, 2014, the Court entered an Order finding that Gerth is entitled to all of the NYL Funds and TIAA-CREF Funds in the Court's registry.   (Doc. 100).   The Order provided that distribution of the funds would not be permitted until after the expiration of Abby Baumgartner's right to appeal, specifically stating that the funds would be held in the Court's registry until the conclusion of the appeal.   (Doc. 100).   On June 19, 2014, Baumgartner filed a notice of appeal of the Order and Final Judgment.   (Doc.102).   On or about August 11, 2014, Gerth and Baumgartner entered into a Confidential Settlement Agreement.   In accordance with the settlement agreement, Baumgartner filed a motion to dismiss the appeal with prejudice. Baumgartner's motion to dismiss was granted on September 3, 2014.   Thus, Baumgartner's appeal has concluded.   Accordingly, it is the Court's conclusion that Gerth is entitled immediate distribution of all interpled funds held in the Court's registry in this matter.   It is therefore

ORDERED AND ADJUDGED that:

1.   The Joint Motion to Distribute Funds in Court's Registry (Dkt. 106) is GRANTED.

2.   The Clerk is directed to immediately disburse all of the funds in the Court's registry to Sivyer Barlow & Watson, P.A at the following address: Sivyer Barlow & Watson, P.A., c/o Mahlon H. Barlow, 401 East Jackson St., Suite 2225, Tampa, FL 33602.

3.      This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2012\12-cv-1954 disburse funds.docx